UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS HUTCHINSON,

    Plaintiff,

v.

J. INFANTE,

    Defendant.

No. 2:16-cv-0114 KJM AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Complaint

Plaintiff alleges that defendant Infante violated his Eighth Amendment rights by filing a false rules violation report against him, charging him with manslaughter. ECF No. 1 at 3. Plaintiff states that the defendant knew plaintiff was innocent and the false report resulted in mental stress as well as loss of privileges, constituting cruel and unusual punishment in violation of the Eighth Amendment. Id.

IV. Failure to State a Claim

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). However, "[n]ot every injury that a prisoner sustains while in prison represents a constitutional violation." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Rather, to maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. Id. "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish cruel and unusual punishment in violation of the Eighth Amendment, a prisoner must demonstrate "unnecessary and wanton infliction of pain." Id. (citation and internal quotation marks omitted).

Here, plaintiff alleges that defendant knowingly filed a false rules violation report against him, resulting in a loss of privileges and mental stress. ECF No. 1 at 3. However, "[t]he issuance

of Rules Violation Reports, even if false, does not rise to the level of cruel and unusual punishment." Cauthen v. Rivera, No. 1:12-cv-01747 LJO DLB PC, 2013 WL 1820260, at *10, 2013 U.S. Dist. LEXIS 62472, at *24 (E.D. Cal. April 30, 2013) (citing Uribe v. Taylor, No. 2:10-cv-02615-DAD-P, 2012 WL 4953176, at *7, 2012 U.S. Dist. LEXIS 148229, at *20-22 (E.D. Cal. Oct. 12, 2012); Jones v. Prater, No. 2:10-cv-01381 JAM KJN P, 2012 WL 1979225, at *2, 2012 U.S. Dist. LEXIS 76486, at *5-6 (E.D. Cal. June 1, 2012) ("[P]laintiff cannot state a cognizable Eighth Amendment violation based on an allegation that defendants issued a false rules violation against plaintiff."); Lopez v. Celaya, No. C 06-5071 TEH (PR), 2008 WL 205256, at *5, 2008 U.S. Dist. LEXIS 8898, at *12 (N.D. Cal. 2008) ("A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.")). Plaintiff is therefore unable to state a cognizable Eighth Amendment claim and the claim will be dismissed.

However, while plaintiff's allegations cannot support a claim under the Eighth Amendment, inmates do have a right to be free from the filing of false disciplinary charges in retaliation for the exercise of constitutionally protected rights. Watison v. Carter, 668 F.3d 1108, 1115 (9th Cir. 2012); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); Pratt, 65 F.3d at 806.

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted). It is not clear from the complaint why Infante falsely charged plaintiff with manslaughter, but plaintiff's claim that Infante wrote him up despite knowing that he was innocent of the charges indicates that an impermissible purpose, such as retaliation, may have motivated Infante in his actions. Since there may be additional facts that plaintiff has not alleged that could support a

4

cognizable claim, plaintiff will be given an opportunity to amend the complaint.

V.     Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Plaintiff's Address

Plaintiff's address of record shows that he is incarcerated at the California State Prison-Corcoran. However, the Inmate Locator website operated by the California Department of Corrections and Rehabilitation indicates that plaintiff is currently housed at Valley State Prison. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a

state agency not subject to reasonable dispute."). The Clerk of the Court will therefore be directed to serve plaintiff at both his address of record and at Valley State Prison and plaintiff will be required to notify the court of his current address.

VII. Summary

Your request to proceed in forma pauperis is granted.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. You need to provide more information about what Infante did and how it violated your rights. If you are trying to claim that he wrote you up in retaliation for something you did, you must explain what protected activity you participated in that caused Infante to write you up (i.e., filed a lawsuit or grievance, complained about an officer, etc.).

If you choose to amend your complaint, the first amended complaint must include all of the claims you wants to make because the court will not look at the claims or information in the original complaint. In other words, any claims or information not in the first amended complaint will not be considered.

Because the Inmate Locator shows that you are at a different location than the court has on file, it looks like you were transferred but did not tell the court. You need to file a notice with the court saying what your current address is and if your address changes in the future, you need to let the court know.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. Within thirty days of service of this order, plaintiff must notify the court of his current address.

7. The Clerk of the Court is directed to serve plaintiff with this order at both his address of record and at Valley State Prison, P.O. Box 92, Chowchilla, CA 93610-0092.

DATED: May 3, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE